UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEFFIN T. McFALL, <br><br> Plaintiff, <br><br> v. <br><br> RON NEAL, <br><br> Defendant. | CAUSE NO. 3:20-CV-1024 DRL-MGG |

OPINION AND ORDER

Steffin T. McFall, a prisoner without a lawyer, sues Ron Neal, the Warden at Indiana State Prison, for allowing COVID-19 to come into the facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

"A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (quotation marks omitted). The court assumes for purposes of this opinion that the threat of Covid-19 satisfies the requirement of a substantial risk of serious harm. However, the complaint does not plausibly allege that the Warden was deliberately indifferent to that risk. Deliberate indifference means that the defendant "acted in an intentional or

criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks and brackets omitted). "A prison official must respond reasonably to a known risk of harm, but negligence or even gross negligence is not enough to show a constitutional violation." *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018). "That a response did not avert the risk does not mean it was unreasonable, and the standard is always reasonableness in light of the surrounding circumstances." *Id.*

Mr. McFall alleges that Warden Neal's preparations for COVID-19 were either nonexistent or the bare minimum. However, the complaint establishes that the prison was taking steps to deal with the COVID-19 crisis. Mr. McFall details the quarantine his dorm was under in October 2020, which shows that the prison was responding to COVID-19. Additionally, he alleges that the prison staff were not properly screened for COVID, suggesting that screening was being done. Even if that screening was conducted negligently, negligence does not constitute deliberate indifference. *See Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020) ("[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to constitute deliberate indifference.). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, citations and footnote omitted). Here, the complaint does not contain facts to support the assertion

that the Warden's response to COVID-19 constituted deliberate indifference, even if the steps taken were ultimately unsuccessful in keeping the virus out of the prison.

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. McFall may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Steffin T. McFall until **June 28, 2021**, to file an amended complaint; and

(2) CAUTIONS Steffin T. McFall if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

May 26, 2021                               *s/ Damon R. Leichty*
                                           Judge, United States District Court