UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEFFIN T. McFALL,

    Plaintiff,

    v.                                          CAUSE NO. 3:20-CV-1024-DRL-MGG

RON NEAL,

    Defendant.

## OPINION AND ORDER

Steffin T. McFall, a prisoner without a lawyer, filed a complaint against the warden at Indiana State Prison for allowing COVID-19 to come into the facility. ECF 1. The court screened the complaint pursuant to 28 U.S.C. § 1915A and determined that the complaint did not state a claim upon which relief may be granted because it did not plausibly allege the warden was deliberately indifferent to the risk of COVID-19. ECF 5. Although Mr. McFall took issue with the adequacy of the prison's response to COVID-19, the complaint showed that the prison was taking steps in response to the virus. *Id.* Mr. McFall was granted leave to file an amended complaint, and he has done so. ECF 6.

The court must now review the amended complaint to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The amended complaint does not cure the problems in the original complaint; it still does not allege facts from which it can be plausible inferred that the warden of Indiana State Prison was deliberately indifferent to the risks posed by COVID-19 or Mr. McFall's safety. Mr. McFall alleges that correctional officers, nurses, and counselors are given a mask when they come to work if they need one but most of the staff do not take the other COVID-19 safety equipment they are offered. He complains that some correctional officers and nurses have told him that they have had COVID-19 twice, and Mr. McFall contends they should not be working at the prison because they could be carrying the virus for at least 6 months from infection. He further asserts the prison's response to COVID-positive inmates is deficient because he has been told that medical just puts them in a room and checks on them every three to four days. The poor treatment inmates receive when they contract COVID-19 make inmates not want to report symptoms, furthering the spread of the virus and the risk to him.

These new allegations do not meet the standard to plausibly allege deliberate indifference. "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (quotation marks omitted). The court assumes, without deciding, that the presence of COVID-19 in the prison presents a substantial risk of serious harm to Mr. McFall. But deliberate indifference imposes a "high hurdle," for it requires a showing "approaching total unconcern for the prisoner's welfare." *Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012). Neither negligence nor gross negligence is enough. *Id.* "[T]he mere failure . . . to choose the best course of action does not amount to a constitutional violation." *Peate v.*

*McCann*, 294 F.3d 879, 882 (7th Cir. 2002). Here, the complaint establishes that the prison is taking steps to protect inmates from COVID-19: staff are provided with masks and inmates identified as positive for COVID-19 are quarantined. "That a response did not avert the risk does not mean it was unreasonable, and the standard is always reasonableness in light of the surrounding circumstances." *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018); *see also Money v. Pritzker*, 453 F. Supp. 3d 1103, 1131-32 (N.D. Ill. 2020) (denying inmates' preliminary injunction motion because defendants listed steps they were taking in response to COVID-19 and "[t]he record simply does not support any suggestion that Defendants have turned the kind of blind eye and deaf ear to a known problem that would indicate total unconcern for the inmates' welfare" (quotation marks omitted)); *Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *2 (E.D. Wisc. Nov. 18, 2020) ("The plain fact is that the country is experiencing a pandemic and cases of COVID-19 are breaking out in prisons and communities across the country. This does not mean that the correctional officers in charge of those prisons are subjecting inmates to cruel and unusual punishment. People, both inside and outside prisons and jails, are contacting COVID-19 . . .."). Individual failings on the part of some staff members to abide by prison policies do not reflect deliberate indifference on the part of the warden. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (noting there is no general supervisory liability under § 1983).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to

3

deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). The court is sympathetic to Mr. McFall's situation and the general fears surrounding COVID-19. But even after having a chance to amend his complaint, Mr. McFall has not plausibly alleged that the warden is deliberately indifferent to the risk of COVID-19, and further allegations will not change that.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

July 20, 2021  *s/ Damon R. Leichty*
Judge, United States District Court